Richard A. Williamson, Esq.
Jason T. Cohen, Esq.
Wolfgang A. Dase, Esq.
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006-1404
Telephone: (212) 412-9500
Facsimile: (212) 964-9200
Email: rwilliamson@fzwz.com
Email: jcohen@fzwz.com
Email: wdase@fzwz.com

David W. Steuber, Esq. (admitted *pro hac vice*)
Tyrone R. Childress, Esq. (admitted *pro hac vice*)
Donald R. Erlandson, Esq. (admitted *pro hac vice*)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
Email: steuberd@howrey.com
Email: childresst@howrey.com
Email: erlandsond@howrey.com

Attorneys for Plaintiffs



RECEIVED
MAY 0 6 2010
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WORLD TRADE CENTER PROPERTIES LLC, 1 WORLD TRADE CENTER LLC, 2 WORLD TRADE CENTER LLC, 3 WORLD TRADE CENTER LLC, and 4 WORLD TRADE CENTER LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GREAT LAKES REINSURANCE (UK) PLC, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SYNDICATES NUMBERED 33, 1003, 2003, 1208, 1243, 0376, 1225, 1212, 79, 506, 2791, QBE INSURANCE (EUROPE) LTD. F/K/A QBE INTERNATIONAL INSURANCE LTD., and INDUSTRIAL RISK INSURERS, <br><br> Defendants. | Civ. Action No. 10 CV 1642 (AKH) <br><br><br> **FIRST AMENDED COMPLAINT** <br><br> This Action relates to: <br> In re September 11 Litigation <br> 21 MC 101 (AKH) |

Plaintiffs World Trade Center Properties LLC ("WTC Properties LLC"), 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly named "5 World Trade Center LLC"), and 4 World Trade Center LLC (collectively referred to as the "WTCP Plaintiffs"), by their attorneys, Flemming Zulack Williamson Zauderer LLP and Howrey LLP, allege upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to establish the WTCP Plaintiffs' right of priority with respect to certain settlement proceeds that the defendants to this action are seeking to collect.  This collection of settlement proceeds by the defendants, if allowed, would violate the terms of multiple insurance policies and insurance contracts.  For these reasons, a declaration as to the WTCP Plaintiffs' priority rights with respect to any distribution of these settlement proceeds is necessary at this time.

2.    The WTCP Plaintiffs are business entities whose operations are based directly and indirectly upon long term leases of certain World Trade Center buildings destroyed in the terrorist-related aircraft crashes of September 11, 2001.  The destruction of these buildings damaged the WTCP Plaintiffs' leasehold interests in those buildings, damaged the WTCP Plaintiffs' businesses based on those leasehold interests, and otherwise damaged the WTCP Plaintiffs.  This damage includes substantial sums of rent pre-paid by the WTCP Plaintiffs.

3.    The WTCP Plaintiffs have received insurance proceeds for some of their losses, but these insurance proceeds have not been nearly enough to make the WTCP Plaintiffs whole, that is, to place the WTCP Plaintiffs in the economic position that they would have been in but for the Aviation Defendants' tortious conduct.  The WTCP Plaintiffs still have significant, unreimbursed losses.

4.    Defendants Great Lakes Reinsurance (UK) PLC ("Great Lakes"), Certain Underwriters at Lloyd's, London syndicates numbered 33, 1003, 2003, 1208, 1243, 0376, 1225, 1212, 79, 506 and 2791 ("Lloyd's"), QBE Insurance (Europe) Ltd. F/K/A QBE International

2

Insurance Ltd. ("QBE"), and Industrial Risk Insurers ("IRI") (collectively referred to as the "Defendants") are property insurers of the WTCP Plaintiffs that have pursued direct subrogation claims against various tortfeasors, which are defendants in the actions brought under Master Docket No. 21 MC 101 (the "Aviation Defendants") entitled *In re September 11 Property Damage and Business Loss Litigation* (the "tort litigation" or "21 MC 101 litigation"), in spite of the fact that the WTCP Plaintiffs have not yet been made whole.

5.    On February 25, 2010, the Defendants, certain plaintiffs in the 21 MC 101 litigation and the Aviation Defendants moved ("Motion to Approve"; Docket Nos. 1080-1084, filed February 25, 2010) for orders approving the Confidential Settlement Agreement and Mutual Release of Claims, dated February 23, 2010 (the "Settlement Agreement"). Because this settlement will violate the terms of multiple insurance policies and insurance contracts, a ruling is required declaring, pursuant to 28 U.S.C. § 2201, that the WTCP Plaintiffs are entitled to the appropriate share (discussed below) of any settlement recoveries obtained by the Defendants.

## IDENTITY OF THE PARTIES

6.    Plaintiff WTC Properties LLC is a Delaware limited liability company with its principal place of business in New York, New York. On September 11, 2001, WTC Properties LLC was the indirect parent of the WTCP Plaintiffs listed in paragraphs 7 through 10 below.

7.    Plaintiff 1 World Trade Center LLC is a Delaware limited liability company with its principal place of business in New York, New York. On September 11, 2001, 1 World Trade Center LLC was the "net lessee" of One World Trade Center.

8.    Plaintiff 2 World Trade Center LLC is a Delaware limited liability company with its principal place of business in New York, New York. On September 11, 2001, 2 World Trade Center LLC was the "net lessee" of Two World Trade Center.

9.    Plaintiff 3 World Trade Center LLC (formerly named "5 World Trade Center LLC") is a Delaware limited liability company with its principal place of business in New York, New York. On September 11, 2001, 3 World Trade Center LLC was the "net lessee" of Five World Trade Center.

10.   Plaintiff 4 World Trade Center LLC is a Delaware limited liability company with its principal place of business in New York, New York. On September 11, 2001, 4 World Trade Center LLC was the "net lessee" of Four World Trade Center.

11.   Defendant Great Lakes is a corporation organized and existing under the laws of England, with its principal place of business in London, England. Defendant Great Lakes is not authorized to do business in New York.

12.   Defendant Lloyd's consists of foreign entities and persons registered in the United Kingdom with their principal places of business in London, England. Defendant Lloyd's is not authorized to do business in New York.

13.   Defendant QBE is an insurance company located and having its principal place of business in London, England. Defendant QBE is not authorized to do business in New York.

14.   Defendant IRI is an unincorporated underwriting association with its principal place of business in Connecticut. Defendant IRI is not authorized to do business in New York.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

16.   There is complete diversity of citizenship between the WTCP Plaintiffs and the Defendants to this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.   This Court also has subject matter jurisdiction pursuant to Section 408(b)(3) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101 (the "Act"), which provides that: "The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."

18.   This Court has personal jurisdiction over the Defendants pursuant to Section 302(a)(1) of the New York Civil Practice Law and Rules, in that the Defendants have contracted to provide services, namely insurance, within this state. The Defendants issued property

4

insurance contracts to the WTCP Plaintiffs in New York, collected substantial premiums for these insurance policies in New York and have pursued subrogation claims in New York courts.

19.     This Court also has personal jurisdiction pursuant to New York Insurance Law § 1213 as to the Defendants insofar as the Defendants are not authorized to do business in New York.

20.     Venue lies in this district because Section 408(b)(3) of the Act (quoted above) vests this Court with exclusive jurisdiction.  Venue further lies in this district pursuant to 28 U.S.C. § 1391(b).

## SUMMARY OF THE TORT LITIGATION

21.     Following September 11, 2001, WTCP Plaintiffs and other companies, including the Aviation Defendants, were sued by a host of alleged victims claiming damages from the tragic events of 9/11.  Subsequently, cross-claims were brought by the WTCP Plaintiffs against the Aviation Defendants.  These cross-claims presently appear on Master Docket 21 MC 101 as direct affirmative claims against the Aviation Defendants.

22.     The Defendants in the present action, having paid insurance proceeds to the WTCP Plaintiffs, also sued many of these same Aviation Defendants in the tort litigation.  The Defendants filed their claims against the Aviation Defendants as alleged subrogees of the WTCP Plaintiffs, among others.  The Defendants brought these claims even though the WTCP Plaintiffs remain saddled with significant uninsured losses and have not yet been made whole.

23.     On February 25, 2010, the Defendants, among others, moved to approve the Settlement Agreement in the 21 MC 101 litigation.  It is imperative that, before the Defendants collect any settlement funds, this Court issue a ruling declaring that the Defendants are not entitled to priority of recovery with respect to at least a portion of such funds.

24.     The Defendants and the WTCP Plaintiffs disagree on whether the property insurance contracts covering the World Trade Center, or other applicable governing law, require that a portion of such funds should first be paid to the WTCP Plaintiffs.  The collection of such funds without such payment to the WTCP Plaintiffs would clearly violate the terms of the WTCP Plaintiffs' insurance contracts with the Defendants.

25.   The WTCP Plaintiffs have established, and will establish, uninsured loss, damage and/or provable loss in excess of the amount of the Defendants' subrogation claims relating to the World Trade Center, and thus in excess of the funds over which they assert priority herein.

26.   There is an actual and justiciable controversy as to the respective rights of the WTCP Plaintiffs and the Defendants to settlement proceeds and other potential sources of recovery that must be decided so that settlement proceeds that Defendants recover from the Aviation Defendants can be properly allocated between the WTCP Plaintiffs and the Defendants.

## THE INSURANCE DISPUTE

### Insurance Contracts with Defendants Great Lakes, Lloyd's, and QBE

27.   Defendant Great Lakes issued a property insurance contract to the WTCP Plaintiffs bearing policy number UF62351. This contract follows the WilProp 2000 policy form (the "WilProp form"). A copy of the WilProp form is attached to this Complaint as Exhibit 1. Pursuant to the terms of this contract, Great Lakes paid insurance proceeds to the WTCP Plaintiffs for losses suffered by the WTCP Plaintiffs as a result of the events of September 11, 2001, but the WTCP Plaintiffs remain saddled with uninsured losses not paid under this contract.

28.   Defendant Lloyd's issued property insurance contracts to the WTCP Plaintiffs bearing policy numbers UF62348, UF62350, and UF62375. These contracts also follow the WilProp form. Pursuant to the terms of these contracts, Lloyd's paid insurance proceeds to the WTCP Plaintiffs for losses suffered by the WTCP Plaintiffs as a result of the events of September 11, 2001, but the WTCP Plaintiffs remain saddled with uninsured losses not paid under these contracts.

29.   Defendants Lloyd's, Great Lakes, and QBE issued a property insurance contract to the WTCP Plaintiffs bearing policy number UF62347. This contract also follows the WilProp form. Pursuant to the terms of this contract, Lloyd's, Great Lakes, and QBE paid insurance proceeds to the WTCP Plaintiffs for losses suffered by the WTCP Plaintiffs as a result of the events of September 11, 2001, but the WTCP Plaintiffs remain saddled with uninsured losses not paid under this contract.

30.    Thus, defendants Great Lakes, Lloyd's, and QBE (collectively, the "WilProp Insurers") issued insurance contracts to the WTCP Plaintiffs incorporating the terms of the WilProp form.

31.    The subrogation provision of the WilProp form entitles the WTCP Plaintiffs to priority of recovery against the WilProp Insurers with respect to any amounts recovered from tortfeasors, as long as the WTCP Plaintiffs have uninsured losses.  That subrogation provision states, in pertinent part, that if the WilProp Insurers and the WTCP Plaintiffs recover any amounts from a tortfeasor

> The net amount recovered after deducting the costs of recovery shall be distributed *first to the insured* in reimbursement for the deductible amount retained and for any uninsured loss or damage resulting from the exhaustion of limits under this policy.

Exhibit 1, attached hereto, WilProp form, sec. VII.B.1 (emphasis added).  Accordingly, any net amounts that the WilProp Insurers recover must first be distributed to the WTCP Plaintiffs.  The WilProp Insurers are entitled to settlement recoveries only after the WTCP Plaintiffs have been made whole.

### Insurance Contract with Defendant IRI

32.    Defendant IRI issued, through Westport Insurance Company, a property insurance contract to the WTCP Plaintiffs bearing policy number 31368945.  This contract follows IRI's Comprehensive All Risk Form (the "C-AR form").  A copy of the C-AR form is attached to this Complaint as Exhibit 2.  Pursuant to the terms of this contract, IRI paid insurance proceeds to the WTCP Plaintiffs for losses suffered by the WTCP Plaintiffs as a result of the events of September 11, 2001, but the WTCP Plaintiffs remain saddled with uninsured losses not paid by this contract.

33.    The subrogation provision of the C-AR form provides, in pertinent part, that "[t]he net amount of any recovery after deducting the costs of subrogation proceedings shall be divided between each party instituting such proceedings in the same proportion as each such party has borne the provable loss." Exhibit 2, attached hereto, C-AR form, sec. IV.C.  Thus, IRI and the WTCP Plaintiffs share recoveries from tortfeasors proportionally in relation to IRI's and the

WTC Plaintiffs' "provable loss." In turn, because the WTCP Plaintiffs have a provable loss, IRI cannot have priority with respect to the entirety of any settlement amounts it receives from tortfeasors.

## CLAIM FOR RELIEF

(Declaratory relief as to priority of recovery)

34.    The WTCP Plaintiffs repeat and reallege paragraphs 1 through 33 hereof as if fully set forth herein.

35.    The Defendants are attempting to collect settlement proceeds from the Aviation Defendants in the 21 MC 101 litigation in a manner that is not consistent with provisions contained in the WTCP Plaintiffs' insurance contracts with the Defendants or with other principles of governing law. The WTCP Plaintiffs have the right of priority with respect to a substantial portion of these settlement proceeds.

36.    The Settlement Agreement establishes the amount of money to be paid to the Defendants and certain other plaintiffs in the 21 MC 101 litigation in settlement of their claims against the Aviation Defendants (the "Settlement Amount").[1] The WTCP Plaintiffs are entitled to priority of recovery with respect to all or a significant portion of each of the Defendants' share of the Settlement Amount. The WTCP Plaintiffs are not able at this time to quantify the dollar amount of the Defendants' share of the Settlement Amount to which the WTCP Plaintiffs have priority of recovery because those amounts are not ascertainable from the Settlement Agreement or from any other papers submitted as part of the Motion to Approve.

37.    More specifically, Defendant Great Lakes is to receive an amount of money in settlement proceeds as set forth in the Settlement Agreement. Pursuant to the WilProp form, the

---

[1] The amount of money to be paid pursuant to the Settlement Agreement, should it be approved, is not disclosed here because the terms are subject to the Order Authorizing Sealing of Settlement, so ordered on September 19, 2010, in the 21 MC 101 litigation. Accordingly, no amounts are disclosed in this document.

WTCP Plaintiffs are entitled to the entirety of any amount Great Lakes recovers in its alleged capacity as a subrogee of the WTCP Plaintiffs.

38. Defendant Lloyd's is to receive an amount of money in settlement proceeds as set forth in the Settlement Agreement. Pursuant to the WilProp form, the WTCP Plaintiffs are entitled to the entirety of any amount Lloyd's recovers in its alleged capacity as a subrogee of the WTCP Plaintiffs.

39. Defendant QBE is to receive an amount of money in settlement proceeds as set forth in the Settlement Agreement. Pursuant to the WilProp form, the WTCP Plaintiffs are entitled to the entirety of any amount QBE recovers in its alleged capacity as a subrogee of the WTCP Plaintiffs.

40. Defendant IRI is to receive an amount of money in settlement proceeds as set forth in the Settlement Agreement. Pursuant to the C-AR form, the WTCP Plaintiffs are entitled to an appropriate share of any amount IRI recovers in its alleged capacity as a subrogee of the WTCP Plaintiffs.

41. Therefore, an actual and justiciable controversy presently exists between the WTCP Plaintiffs and the Defendants as to their respective rights to the settlement proceeds recovered in the Defendants' alleged capacities as subrogees of the WTCP Plaintiffs, and how those settlement proceeds should be allocated as between the WTCP Plaintiffs and the Defendants.

WHEREFORE, the WTCP Plaintiffs respectfully demand judgment as follows:

A.  Declaring that the WTCP Plaintiffs are entitled to

(1) Settlement recoveries obtained by Defendants Great Lakes, Lloyd's, and QBE from the Aviation Defendants in the tort litigation in their alleged capacities as subrogees of the WTCP Plaintiffs;

(2) The appropriate share of settlement recoveries obtained by Defendant IRI from the Aviation Defendants in the tort litigation in its alleged capacity as a subrogee of the WTCP Plaintiffs;

B.  Awarding the WTCP Plaintiffs their costs of suit, including reasonable attorneys' fees; and

C.  Awarding the WTCP Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:  New York, New York        Respectfully submitted,
        May 6, 2010

                                  FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

                                  Richard A. Williamson
                                  One Liberty Plaza
                                  New York, New York 10006-1404


                                  HOWREY LLP
                                  David W. Steuber (admitted *pro hac vice*)
                                  Tyrone R. Childress (admitted *pro hac vice*)
                                  Donald R. Erlandson (admitted *pro hac vice*)
                                  550 South Hope Street, Suite 1100
                                  Los Angeles, California 90071